In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00189-CV


____________________



IN RE APOLLO GLOBAL MANAGEMENT, L.L.C., 


APOLLO MANAGEMENT, L.P., APOLLO MANAGEMENT IV, L.P., 


APOLLO MANAGEMENT V, L.P., APOLLO MANAGEMENT VI, L.P., 


APOLLO INVESTMENT FUND IV, L.P., APOLLO OVERSEAS PARTNERS IV, L.P.,

APOLLO ADVISORS IV, L.P., APOLLO INVESTMENT FUND V, L.P., 


APOLLO OVERSEAS PARTNERS V, L.P., APOLLO NETHERLANDS 


PARTNERS V(A), L.P., APOLLO NETHERLANDS PARTNERS V(B), L.P., 


APOLLO GERMAN PARTNERS V GMBH & CO. KG, APOLLO ADVISORS V, L.P.,
APOLLO INVESTMENT FUND VI, L.P., APOLLO OVERSEAS PARTNERS VI, L.P., APOLLO OVERSEAS PARTNERS (DELAWARE) VI, L.P., 


APOLLO OVERSEAS PARTNERS (DELAWARE 892) VI, L.P., 


APOLLO OVERSEAS PARTNERS (GERMANY) VI, L.P., 


APOLLO ADVISORS VI, L.P., LEON BLACK and JOSHUA J. HARRIS






Original Proceeding






 MEMORANDUM OPINION


 In this petition for writ of mandamus, the relators are third-party defendants in a
business tort case who contend the trial court abused its discretion by denying the relators'
motion for summary judgment and by failing to dismiss the contribution claims asserted
against them by Credit Suisse Securities (USA) LLC and Deutsche Bank Securities Inc. 
Trial is set to commence June 8, 2009.

 Mandamus relief is available only to correct a clear abuse of discretion for which the
relators have no adequate remedy at law. In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
135-36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the
benefits of mandamus review against its detriments. Id. at 136. We consider whether
mandamus review of a significant ruling is "essential to preserve important substantive and
procedural rights from impairment or loss," to provide "helpful direction to the law that
would otherwise prove elusive" on appeal, or to "spare private parties and the public the time
and money utterly wasted enduring eventual reversal of improperly conducted proceedings." 
Id. "[M]andamus is generally unavailable when a trial court denies summary judgment, no
matter how meritorious the motion." In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 465
(Tex. 2008). 

 The relators have not shown that the benefits of a mandamus review in this case
outweigh the detriments of pre-trial review of the issues raised in the motion for summary
judgment. Accordingly, we deny the petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM

Submitted on May 11, 2009

Opinion Delivered May 15, 2009

Before Gaultney, Kreger, and Horton, JJ.